**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 14-4508
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

OSHAY TERRELL JONES,

                    Defendant - Appellant.

_____

No. 14-4523
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KEARRAH MONIQUE JONES,

                    Defendant - Appellant.

_____

No. 14-4524
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

QWANESHA TYANN MORRIS,

Defendant - Appellant.

No. 14-4525

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DOMINIQUE MAURICE JONES,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (7:13-cr-00038-SGW-1; 7:13-cr-00038-SGW-3; 7:13-cr-00038-SGW-4; 7:13-cr-00038-SGW-2)

Submitted: June 30, 2015                Decided:  August 4, 2015

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Krysia Carmel Nelson, LAW OFFICES OF KRYSIA CARMEL NELSON, PLC, Charlottesville, Virginia; John E. Davidson, DAVIDSON & KITZMAN, PLC, Charlottesville, Virginia; Michelle C.F. Derrico, COPENHAVER, ELLETT, CORNELISON & DERRICO, Roanoke, Virginia; Melissa W. Friedman, Roanoke, Virginia, for Appellants. Anthony P. Giorno, Acting United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia; Leslie R. Caldwell, Assistant Attorney General, Sung-Hee Suh, Deputy Assistant Attorney General, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Oshay Jones, Kearrah Jones, Dominique Jones, (collectively "the Joneses") and Qwanesha Morris (together "Appellants") of conspiracy to possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a), 846 (2012). The district court sentenced each appellant to a below-Guidelines sentence: Oshay and Dominique to 280 months' imprisonment each, Kearrah to 120 months' imprisonment, and Morris to 60 months' imprisonment. The court also ordered the Joneses to forfeit $220,000 and Morris to forfeit $40,000.

Appellants assert that the district court erred in: (1) refusing their proposed jury instruction that drug quantity was an element of the offense, but sua sponte instructing on a lesser included offense; (2) admitting telephone recordings without adequate foundation; (3) ordering forfeiture; and (4) imposing procedurally and substantively unreasonable sentences. For the reasons that follow, we affirm.

I.

Appellants first challenge the district court's instructions to the jury regarding the drug weight attributable to the conspiracy. They contend that drug quantity was an element necessary for conviction pursuant to Alleyne v. United States, 133 S. Ct. 2151, 2158 (2013), which held that any fact

3

that increases a defendant's statutory minimum sentence is considered an element of the offense. Appellants also contend that the court's sua sponte lesser included offense instruction was error because it was not requested by any of the parties, they lacked sufficient notice of the lesser offense to prepare an adequate defense, and it interfered with their all-or-nothing trial strategy—that is, they were either guilty as explicitly charged in the superseding indictment or not guilty at all.

"We review for abuse of discretion the district court's denial of [a] proposed jury instruction[]." United States v. Sonmez, 777 F.3d 684, 688 (4th Cir. 2015). An abuse of discretion exists where the proposed instruction "(1) [was] correct, (2) [was] not substantially covered by the charge that the district court actually gave to the jury, and (3) involved some point so important that the failure to give the instruction[] seriously impaired the defendant's defense." Id.

We conclude that the district court did not abuse its discretion because drug quantity is not an element that must be established for conviction. See United States v. Hickman, 626 F.3d 756, 770-71 (4th Cir. 2010) (vacating conviction and sentence for conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, and remanding with directions to the district court for "entry of judgment against Hickman under Count I of the indictment for conspiracy to

4

distribute and to possess with intent to distribute heroin in the amount of one hundred grams or more").

Moreover, a "defendant may be found guilty of . . . [a lesser] offense necessarily included in the offense charged." Fed. R. Crim. P. 31(c). "A defendant charged with conspiracy to . . . distribute an amount of a controlled substance can, if the evidence warrants, be convicted of one of the lesser included offenses based on a smaller amount of the substance." United States v. Cabrera-Beltran, 660 F.3d 742, 753 (4th Cir. 2011) (internal quotation marks omitted). Parties may not reject a lesser included offense instruction, "provided that the evidence would permit a jury rationally to find the defendant guilty of the lesser offense and acquit him of the greater." Lespier, 725 F.3d at 450 (internal quotation marks and brackets omitted).

## II.

Appellants next challenge the district court's admission of audio recordings of jailhouse telephone calls between Oshay and Dominique and their associates. We review a district court's evidentiary rulings for abuse of discretion. United States v. Taylor, 754 F.3d 217, 226 n.* (4th Cir.), petition for cert. filed, __ S. Ct. __ (Sept. 4, 2014) (No. 14-6166). An abuse of discretion occurs only when the district court "acted arbitrarily or irrationally in admitting evidence." United

5

States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks omitted).  The hearsay rule allows admission of records of a regularly conducted activity "if[] (A) the record was made at or near the time by . . . someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business . . . ; [and] (C) making the record was a regular practice of that activity."  Fed. R. Evid. 803(6).  The nature of the record may be established by "the custodian or another qualified witness."  Fed. R. Evid. 803(6)(D).

The term "qualified witness" is broadly construed.  See United States v. Franco, 874 F.2d 1136, 1139-40 (7th Cir. 1989) (noting liberal interpretation of term by Third, Sixth, Seventh, and Eighth Circuits).  A qualified witness is not required to "have personally participated in or observed the creation of the document."  United States v. Moore, 791 F.2d 566, 574 (7th Cir. 1986).  Nor is he required to "know who actually recorded the information."  United States v. Dominguez, 835 F.2d 694, 698 (7th Cir. 1987).  Further, "[t]here is no requirement that the witness . . . be able to personally attest to its accuracy." United States v. Duncan, 919 F.2d 981, 986 (5th Cir. 1990).

Appellants contend that the court improperly found that Lieutenant Frank Harris, the assistant chief correctional officer, was a qualified witness.  We disagree.  The record reveals that Harris was in charge of the phone recordings as the

6

jail's custodian of records, explained how the recordings were made, and demonstrated his understanding of the system and how the recordings were stored and retrieved. Thus, we discern no abuse of the court's discretion.

## III.

Appellants next assert that the district court erred in ordering forfeiture, arguing the court's determinations lack support in the record. In an appeal from criminal forfeiture proceedings, we review the district court's findings of fact for clear error and conclusions of law de novo. United States v. Herder, 594 F.3d 352, 363 (4th Cir. 2010). A defendant convicted of a drug trafficking offense must forfeit any property constituting the proceeds of the offense. 21 U.S.C. § 853(a) (2012). To obtain forfeiture, the Government must establish by a preponderance of the evidence a nexus between the property for which it seeks forfeiture and the crime. Fed. R. Crim. P. 32.2(b)(1)(A). Where, as here, the Government's theory is that the property constitutes proceeds of the offense, a "but for" test is applied. See, e.g., United States v. DeFries, 129 F.3d 1293, 1313 (D.C. Cir. 1997) (collecting cases). We conclude that the district court's determination of the forfeiture judgment amounts was supported by the record and is free of error.

IV.

Finally, the Joneses challenge the reasonableness of their sentences, which we review for abuse of discretion. United States v. Howard, 773 F.3d 519, 527-28 (4th Cir. 2014). We first review for procedural error, such as improper calculation of the Guidelines range, failure to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, selecting a sentence based on clearly erroneous facts, or failure to adequately explain the sentence. Howard, 773 F.3d at 528. Absent any significant procedural error, we examine substantive reasonableness under "the totality of the circumstances." Id. (internal quotation marks omitted). Sentences within or below a properly calculated Guidelines range are presumed reasonable, and the presumption "can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

A district court's legal conclusions at sentencing are reviewed de novo and factual findings for clear error. United States v. Gomez-Jimenez, 750 F.3d 370, 380 (4th Cir.), cert. denied, 135 S. Ct. 305 (2014), and cert. denied, 135 S. Ct. 384 (2014). In resolving factual disputes, a "sentencing court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has

8

sufficient indicia of reliability to support its accuracy."  Id. "[W]e afford considerable deference to a district court's determinations regarding the reliability of information in a PSR," and will not disturb such determinations unless we have "the definite and firm conviction that a mistake has been committed."  United States v. McDowell, 745 F.3d 115, 120 (4th Cir. 2014) (internal quotation marks omitted), cert. denied, 135 S. Ct. 942 (2015).

The Joneses contend that the district court erred in calculating the Guidelines ranges because the base offense levels determined by the presentence reports ("PSRs") were based on double- and triple-counted drug quantities, and that each was responsible for only a fraction of that amount.  The Government responds that the district court properly relied on the drug quantity determinations in the PSRs, and that the Joneses are responsible for all reasonably foreseeable acts in furtherance of the conspiracy.

Under the Guidelines, a defendant convicted of conspiring to distribute controlled substances "is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." U.S. Sentencing Guidelines Manual § 1B1.3 cmt. n.2 (2013).  The

9

Government must prove the drug quantity attributable to the defendant by a preponderance of the evidence. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). We conclude that the Joneses fail to affirmatively show that the court relied on unreliable information. Evidence in the record satisfied the minimum threshold to warrant a base offense level of 34 under USSG § 2D1.1(c)(3) (2013).

The Joneses also assert various errors by the district court in applying sentencing enhancements for possession of a firearm pursuant to USSG § 2D1.1(b)(1), role adjustments pursuant to USSG § 3B1.1(a) (2013), and criminal livelihood pursuant to USSG § 2D1.1(b)(14)(E). Dominique also challenges the calculation of his criminal history. Our review of the record reveals no clear error by the district court in these determinations. Accordingly, we discern no procedural error.

Finally, the Joneses assert that their below-Guidelines sentences were excessive because they were based on relevant conduct found by the district court rather than the jury. The Supreme Court made clear in Alleyne, however, that its holding "does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." 133 S. Ct. at 2163; see United States v. Smith, 751 F.3d 107, 117 (3d Cir.) ("Alleyne

10

did not curtail a sentencing court's ability to find facts relevant in selecting a sentence <u>within</u> the prescribed statutory range."), <u>cert. denied</u>, 135 S. Ct. 383 (2014), <u>and</u> <u>cert. denied</u>, 135 S. Ct. 497 (2014).

Here, drug quantities found by the court did not alter the statutory range established by the jury's verdicts. Instead, the judge-found facts determined the Guidelines range from which to sentence the Joneses within the statutory range. Moreover, the court was sensitive to the Joneses' personal and criminal backgrounds, their involvement in the conspiracy, their ages, and the seriousness of the offense. Importantly, the court did not ignore their arguments for downward variances, but rather considered the totality of circumstances in imposing below-Guidelines sentences. The presumption that the sentences are substantively reasonable has not been rebutted.

For these reasons, we affirm the district court's judgements and orders of forfeiture. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court, and argument would not aid the decisional process.

<u>AFFIRMED</u>